# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **DYMATIZE ENTERPRISES, INC.**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. 3:09-CV-046-O |
| § | |
| **MAXIMUM HUMAN PERFORMANCE, INC.**, § | |
| § | |
| Defendant. § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 126) and Defendant Maximum Human Performance, Inc.'s ("MHP") objections thereto (ECF No. 127) filed in accordance with 28 U.S.C. § 636(b)(1). Additionally, MHP filed a Motion to Supplement the Record (ECF No. 128) with affidavits describing alleged bad faith conduct by opposing counsel. As a preliminary matter, the Court **GRANTS** MHP's Motion and considers the affidavits in the findings below.

After reviewing all relevant matters of record in this case, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

### I. Background

Dymatize Enterprises, Inc. ("Dymatize") filed suit against MPH seeking a declaratory judgment that its advertising statements for the energy drink, Elite 12, did not constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Pl. Orig. Compl. 1, ECF No. 1. The declaratory judgment was subsequently consolidated with a suit filed by MHP against Dymatize in

the District of New Jersey. Findings, Conclusions, and Recommendation ("FCR") 1, ECF No. 126. Dymatize then amended its complaint to include six antitrust causes of action for monopolization and restraint of trade against MHP. *See* Pl. Am. Compl. 4-11, ECF No. 28.

In April 2010, Dymatize filed a Second Motion for Summary Judgment (ECF No. 61) which the Magistrate Judge recommended be denied (ECF No. 90). Following an email exchange on July 14, 2010, the parties filed a Notice of Settlement "advis[ing] this Court of their settlement of all pending claims in this action." Notice of Settlement 1, ECF No. 108. The Court ordered the parties to file appropriate dismissal papers with the Clerk's Office (ECF No. 109), but they instead filed a status report stating their inability to reach a formalized settlement agreement (ECF No. 110). The main area of disagreement centered on the meaning of the phrase "sell or distribute any product under the Elite 12 mark." MHP Obj. to FCR 15, ECF No. 127. Dymatize filed a Motion to Dismiss (ECF No. 111), MHP filed a Motion to Enforce Settlement Agreement (ECF No. 113), and this Court referred the issues to Magistrate Judge Ramirez (ECF No. 116).

The Magistrate Judge recommends that the parties be ordered to proceed to execute a settlement agreement and to file a stipulation of dismissal within thirty days of this order. Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge.

## II. Discussion

MHP objects to six aspects of the Magistrate Judge's FCR, including: (1) the refusal to consider surrounding circumstances in determining whether the contract provision was ambiguous; (2) the lack of an evidentiary hearing; (3) the bad faith actions of Dymatize's lawyers; (4) the lack of integration of the agreement in the July 14th and 15th emails; (5) the reliance on attorney Prescott

Smith's signature on the emails; and (6) the failure of Dymatize to respond to all of MHP's objections.

First, MHP takes issue with the Magistrate Judge's finding that the terms of the agreement were unambiguous as a matter of law and instead asks this Court to look to surrounding circumstances including the pleadings of the case for evidence of ambiguity. MHP Obj. 4-9. The Magistrate Judge was correct in stating that a contract is unambiguous as a matter of law if it can be given definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W. 587, 589 (Tex. 1996). Only if more than one reasonable interpretation exists may the courts look to surrounding circumstances and admit parol evidence. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 283 (Tex. 1996). For a contract to be ambiguous, there must be patent or latent ambiguity. *Id.* Patent ambiguity exists on the face of the contract, and no parties argue that to be the case here. *See id.* A latent ambiguity exists where a contract is unambiguous on its face but fails by reason of a collateral matter. *Id.* at 282-83 (stating example where contract refers to "green house on Pecan Street" and there are two green houses on the street).

As an initial matter, MHP argues that the Magistrate Judge should have taken judicial notice of the pleadings in considering the existence of a second reasonable interpretation. MHP Obj. 5. MHP fails to provide any support for such a proposition, instead citing cases unrelated to the particular facts at issue here. *See id*. at 4-5, n.1 (citing *United States v. Davis*, 108 Fed. Appx. 131, n.4 (5th Cir., Aug. 11, 2004) (stating court may take judicial notice under Federal Rule of Evidence 201(b) of prior appeal); *Gibson v. Grupo de Ariel, LLC*, No. 4:05-cv-415-BE, 2006 WL 42369, *1 n.1 (N.D. Tex. Jan 9, 2005) (taking notice of pleadings filed in federal court and pleadings filed in state court for 12(b)(1) and 12(b)(6) motions). A court may take notice of pleadings, but MHP

provides no basis for this Court to use the pleading here to go outside the language of the contract.

In support of its argument that the Court should consider surrounding circumstances in determining ambiguity, MHP cites mostly cases where the court had already found more than one reasonable interpretation of a contract clause prior to considering extrinsic evidence. *See Refinery Holding Co., L.P. v. TRMI Holdings, Inc.*, 302 F.3d 343, 353 (5th Cir. 2002) (finding two reasonable interpretations of contract then looking to surrounding circumstances to determine which was more persuasive); *Thrift v. Estate of Hubbard*, 44 F.2d 348, 358 (5th Cir. 1995) (considering surrounding circumstances where contract mentioned software with more than one version available); *Matter of Fender*, 12 F.3d 480, 485 (5th Cir. 1994) (finding settlement term susceptible to more than one meaning, holding ambiguous, then considering extrinsic evidence). MHP states that the Magistrate Judge should have looked to the pleadings and false advertising claims as surrounding circumstances, but in none of the cases cited by MHP do the courts do so, including in *Matter of Fender* where the court interpreted a settlement agreement. *See* 12 F.3d at 480; MHP Obj. 7.

Even if the Court did consider surrounding circumstances, those described by MHP are not sufficient to find ambiguity in the contract. MHP provides two "surrounding circumstances" to support the idea that more than one reasonable interpretation of the contract exists. First, MHP argues that it brought suit under the Lanham act for false advertising and not for trademark infringement. MHP Obj. 7-10. Because the lawsuit did not involve the name of the product, MHP states it understood "Elite 12 mark" to refer to the removal of the actual product from the market rather than just a product under that name. *Id.* at 7. Second, MHP explains technical aspects of the product and states that discontinuing use of the name Elite 12 would just lead to further litigation because MHP would be forced to bring another false advertising claim if Dymatize markets the same

-4-

product under a new name without the necessary improvements. *Id.* at 9. Although these may have been legitimate concerns of MHP, neither of these "surrounding circumstances" provides evidence of a latent ambiguity as discussed in *Friendwood*. *See* 926 S.W.2d at 283 (finding no latent ambiguity and stating parol evidence cannot be admitted to create ambiguity). MHP discusses its subjective intent in negotiating, but its explanations do not produce a second reasonable interpretation of the clear language agreed to in the July 14th and 15th emails. *See* App. to Dymatize Mot. to Dismiss 6-8, ECF No. 112.

Second, MHP takes issue with the lack of an evidentiary hearing. Magistrate Judge Ramirez initially scheduled a hearing for September 1, 2010, but upon review of completed briefing she found a hearing unnecessary. Order 1, Aug. 31, 2010, ECF No. 124. Dymatize responded to this objection with arguments that MHP did not have a right to an evidentiary hearing on a matter of law issue and even if it did, MHP waived that right by failing to object to the cancellation of the hearing. Dymatize's Resp. to MHP's Obj. 6-9, ECF No. 129.

Dymatize's arguments are correct. It is well settled that a district court has equitable power to enforce summarily an agreement to settle a case pending before it. *Mid-South Towing Co. v. Har-Win Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). However, a court may find a summary procedure inappropriate in situations with complex factual issues related to the formation or consummation of the contract. *Id.* (citing *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). In *Mid-South Towing*, the court found a hearing to be necessary to determine whether the attorney that agreed to the settlement had the requisite authority. *Id.* at 390. In contrast, the parties here do not dispute any complex factual issues but instead argue over whether a contract term is ambiguous, a matter to be decided by the court. *See Columbia Gas*, 940 S.W.2d at 589.

MHP relies heavily on cases involving factual disagreements where the appellate court found the district court should have held an evidentiary hearing. *See Lee v. Hunt*, 631 F.2d 1171, 1177 (5th Cir. 1984) (hearing required when material facts in dispute); *Mass Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Only one case cited by MHP involves a dispute over ambiguity in the contract. In *Ozyagcilar v. Davis*, opposing parties argued their interpretations of a contract provision, and the district judge acted as a "final arbiter", imposing a third interpretation on the parties without providing a hearing. 701 F.2d 306, 307-08 (4th Cir. 1983). The Fourth Circuit found such actions to be improper, but *Ozyagcilar* can be distinguished from the present case. The Magistrate Judge's findings here do not seek to impose an unanticipated interpretation of the contract but instead find only one reasonable interpretation of the contract as written. FCR 6, ECF No. 126. Therefore, Magistrate Judge Ramirez did not err in failing to hold an evidentiary hearing.

Third, MHP states that Dymatize's lawyers acted in bad faith and provides supplemental affidavits regarding these actions. MHP Obj. 14-16; App to MHP Obj., ECF No. 127. Despite the seriousness of MHP's allegations, it fails to cite any cases that would lead this Court to vitiate the settlement agreement. MHP provides support for the idea that parties must act in good faith in settling a controversy. In fact, it provides three cases all citing the same 1890 Supreme Court decision for the idea "[w]here the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might have been had the parties chosen to litigate." *See Terrain Enters., Inc. v. W. Cas. & Ins. Co.*, 774 F.2d 1320, 1321 (5th Cir. 1985) (citing *Hennessy v. Bacon*, 137 U.S. 78 (1890)); *CIA Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967) (same); *J. Kahn & Co. v. Clark*, 178 F.2d 111, 114 (5th Cir. 1949)

(same). None of these cases actually find bad faith or set out a standard for such a finding.

MHP relies heavily on the standard set in *Dondi Props. Corp. v. Commerce Sav. & Loan Assoc.*, stating that a lawyer owes a duty of courtesy and candor to opposing counsel. MHP Obj. 15 (citing 121 F.R.D. 284 (N.D. Tex. 1988) (en banc)[1]). MHP fails to note that the *Dondi* court also said that characterization of opposing party's conduct as acting in bad faith "should be sparingly employed by counsel and should be reserved for only those instances in which there is a sound basis in fact demonstrating a party's deliberate and intentional disregard of an order of the court or of obligations imposed under applicable Federal Rules." *Dondi*, 121 F.R.D. at 289. MHP argues that Dymatize lawyers phoned MHP and made statements regarding the competency of opposing counsel, but nowhere in their objections do MHP's allegations rise to the level stated in *Dondi* or discussed in *Hawkins v. Howard*, the one other case cited by MHP. *See* App. to MHP Obj.; *Hawkins*, 97 S.W.3d 676, 679 (Tex. App.–Dallas 2003, no pet.) (requiring a showing of fraud). Further, the allegation that the parties never achieved a "meeting of the minds" because Dymatize's lawyers admitted that they would not have entered into the agreement had they represented MHP is illogical. Each party enters into an agreement hoping to make the best deal for their clients. The fact that Dymatize expressed the fact that they may have received the better end of the agreement does not invalidate the agreement.

Fourth, MHP states that the agreement was not an integrated document and therefore should not be enforced. MHP Obj. 19-21. MHP recognizes that a written contract is presumed to be an integrated agreement. *Id.* at 19 (citing *Jack H. Brown & Co., Inc. v. Toys 'R Us, Inc.*, 906 F.2d 169, 173 (5th Cir. 1990). Although a party can rebut that presumption, the cases cited by MHP can be

---

[1] Despite the fact that MHP cites this as a Fifth Circuit case in their Objections, *Dondi* is actually a case from the Northern District of Texas.

distinguished from the instant case.

In *F.D.I.C. v. Perry Bros., Inc.*, the court found the agreement to be incomplete in part because of a provision of the contract allowing parties to add new terms and conditions. 854 F. Supp. 1248, 1278 (E.D. Tex. 1994). The agreement between MHP and Dymatize contained no such provision, and MHP even acknowledged that "[o]n July 14, 2010, MHP and Dymatize intended to and did in fact reach a settlement agreement on this case." MHP Mot. Enforce Settlement 9, ECF No. 113. In *Halmost v. Digital Motorworks, Inc.*, the court stated that integration occurs when the parties intend a writing to be a final and complete expression of their agreement. No. 01-51264, 2003 WL 147529, *4 (5th Cir. Jan. 6, 2003). The court found that a letter, "although not the most thorough contract ever written", was a complete contract. *Id.* at *3-4. Like the letter in *Halmost*, the email here constitutes a fully integrated contract. The agreement between MHP and Dymatize was in writing and contained all material provisions. Even now, the main areas of disagreement between the parties involve the interpretation of one clause and additional non-material elements such as a confidentiality agreement. The parties both admit that they reached a settlement agreement and have given no further evidence that the Court should not consider the July 14th and 15th email exchange to be an integrated document.

Fifth, MHP argues that the signature of Prescott Smith to the email is not sufficient because it fails to comply with the requirements of Texas Rule of Civil Procedure ("Tex. R. Civ. P.") 11 requiring a writing, signature, and filing with the court. Reply 6-7, ECF No. 130. As described above, MHP stated in its Motion to Enforce the Settlement that it reached a settlement agreement in this case. Mot. Enforce Settlement 9. Dymatize argues that MHP waived this argument, but even without the waiver, the Magistrate Judge was correct in finding the agreement was written in an

email, signed, both electronically and in handwriting, and filed as part of the record in compliance with Tex. R. Civ. P. 11. FCR 4-5, ECF No. 126. MHP Attorney Prescott Smith signed an email stating "[w]ith that clarification, we have a deal" and requiring that he "confirm your clients' acceptance by having an attorney print and sign this email." App. to Dymatize Mot. to Dismiss 6, ECF No. 112.

Sixth, MHP argues that the Court must adopt its legal positions because Dymatize failed to fully respond to every objection made. Reply 2, ECF No. 130. Although this Court considers *de novo* the findings of a Magistrate Judge, as recognized by MHP, it has the option of accepting, rejecting, or modifying the recommendations. *Id.* at 2, n.1. The Court is not required to accept the objections of MHP over the findings of the Magistrate Judge purely because Dymatize did not respond to every objection. *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (stating district court does not treat objected-to magistrate judge finding as though it had never been issued). Regardless, Dymatize did respond to most of the objections by referring to earlier arguments. *See* Dymatize Resp. to MHP Obj. to FCR 11, ECF No. 129.

### III. Conclusion

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 126) and MHP's Objections thereto (ECF No. 127), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, the parties are **ORDERED** to proceed to execute a settlement agreement and to file a stipulation of dismissal with the Court no later than **Friday, December 17, 2010.**

**SO ORDERED** this **17th** day of **November 2010.**

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**