**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DYMATIZE ENTERPRISES, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:09-CV-046-O |
| | § | |
| **MAXIMUM HUMAN PERFORMANCE, INC.**, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Maximum Human Performance, Inc.'s ("MHP") Motion for Instructions in Complying with the Court's Order of November 17, 2010 Due to Impasse Between the Parties and Brief in Support (ECF No. 133) as well as MHP and Dymatize Enterprise, Inc.'s ("Dymatize") court-ordered briefs on jurisdiction (ECF Nos. 138, 139).

**I.     Background**

On November 17, 2010, the Court filed an Order Accepting Findings and Recommendation of the United States Magistrate Judge (ECF No. 131) requiring MHP and Dymatize to "proceed to execute a settlement agreement and to file a stipulation of dismissal within thirty days" of the Order. On December 17, 2010, the deadline for settlement, MHP filed its Motion for Instructions (ECF No. 133) as well as the Notice of Appeal (ECF No. 132). MHP's Motion for Instructions states the basis for the impasse and requests guidance from the Court in reducing differences currently existing between the parties. MHP suggests that a Magistrate Judge may provide instruction regarding the development of a formal settlement agreement. Prior to filing this motion, MHP also filed a notice of appeal. In response, Dymatize argues that granting the Motion for Instructions, in light of the

-1-

notice of appeal, would be a further waste of the Court's resources.

In the Order for Briefing (ECF No. 136), the Court noted that as of the time of the filing of MHP's Notice of Appeal, this Court had not yet issued a final judgment. Although MHP refers to the order accepting the findings of the Magistrate Judge as a "Final Order", this order was not a final judgment nor was it likely sufficient for a finding of certification under Rule 54(b) of the Federal Rules of Civil Procedure. *See Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 404 (5th Cir. 2004) (stating the language of an order must "reflect[] the court's unmistakable intent to render the issue appealable under rule 54(b).") Therefore, the Court required MHP to file a brief discussing the Court's jurisdiction to rule on the Motion for Instructions.

## II. Legal Standard

Generally, the filing of a notice of appeal divests the district court of its control over aspects of the case that are involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The purpose for this is to prevent unnecessary appellate review and prevent the district court and court of appeals from simultaneously analyzing the same judgment. *CCN Managed Care, Inc. v. Shamieh*, No. 06-519, 2009 WL 3614989, at *2 (W.D. La. Nov. 2, 2009). However, "[t]he district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken, or in aid of the appeal, as by making clerical corrections." *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010) (quoting *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982)). Additionally, the district court maintains jurisdiction to order stays or modify injunctive relief and to enforce a judgment through contempt proceedings. *See Farmhand*, 693 F.2d at 1146; *United States v. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987).

**III.    Discussion**

The Fifth Circuit follows the rule that "the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).  MHP cites to *Ross* and argues that its Motion for Instructions should be read as a means of asking the Court to enforce its judgment.  MHP's Br. 1, ECF No. 138.  Because no stay has been issued by this Court or the Fifth Circuit, nor has the Court's Order been superseded in any way, MHP states that the Court retains jurisdiction to enforce its orders.  *Id.* at 2.  In order for that exception to the general rule divesting the Court of jurisdiction to apply, the Court needs to have issued a final judgment.  *See Ross* 426 F.3d at 751.  The instant action can be distinguished from every case cited by MHP because as already stated, the Court has not yet issued a final judgment.  *See e.g. id.* (discussing party appealing amended final judgment).[1]  Additionally, where district courts found jurisdiction to enforce a final judgment, it was typically for motions for contempt or sanctions.  *See Alberti*, 46 F.3d at 1358; *Revie*, 834 F.2d at 1205; *Farmhand*, 693 F.2d at 1146.  Here, MHP asks the Court to go beyond simply enforcing its initial order by requesting that the Court essentially reopen settlement negotiations with the aid of an appointed magistrate judge.

Dymatize makes three arguments against the Court granting MHP's motion.  The first, somewhat oddly, is that MHP properly appeals injunctive relief under 28 U.S.C. § 1292, but that

---

[1]*See also Alberti v. Klevenhagen*, 46 F.3d 1347, 1358 (5th Cir. 1995) (enforcing judgment through sanctions); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir. 1995) (stating jurisdiction for orders not related to the appeal or enforcing a final judgment); *Revie*, 834 F.2d at 1205 (finding jurisdiction to enforce a judgment through contempt sanctions); *Farmhand*, 693 F.2d at 1146 (finding jurisdiction to rule on motion for contempt to supervise injunction executing judgment).

appeal consequently divests this Court of jurisdiction. Dymatize Reply 1-2, ECF No. 139. Despite the fact that the Court's Order does not refer to injunctive relief, Dymatize says that it has the "effect and character" of an injunction. *Id.* at 1 (quoting *Lucas v. Bolivar Cnty*, 756 F.2d 1230, 1235 (5th Cir. 1985). This argument seems out of place because it appears from case law that modification of injunctive relief is one area in which a Court is not divested of jurisdiction following an appeal. *Farmhand*, 693 F.2d at 1145-46 ("The district court maintains jurisdiction for other matters, such as ordering stays or modifying injunctive relief.").

Second, Dymatize questions MHP's proposition that the Motion for Instructions may be considered a motion to enforce a judgment. Dymatize Reply 2. Instead, Dymatize argues that MHP is looking for a "second bite at the apple" by asking the Court to include different terms in the settlement agreement. *Id.* Finally, Dymatize recognizes the Court's concern that retaining jurisdiction could mean entering an order in conflict with the Fifth Circuit's analysis on appeal. *Id.* at 3.

Having considered the arguments made by both MHP and Dymatize, the Court finds that it does not have jurisdiction to rule on MHP's Motion for Instructions. MHP argues that it only asks the Court to enforce a final judgment, but as of the time of the appeal, the Court had not yet issued a final judgment to enforce. Additionally, MHP asks the Court to go beyond simple enforcement of an order and allow for continued negotiations and discussions. Whether MHP's appeal was properly brought at the time of its filing will be determined by the Fifth Circuit. To avoid the potential for unnecessary appellate review and prevent the district court and court of appeals from simultaneously analyzing the same judgment, the Court finds that it does not have jurisdiction over MHP's Motion for Instructions. *See* CCN *Managed Care*, No. 06-519, 2009 WL 3614989, at *2.

## IV. Conclusion

Having reviewed MHP's motion and the applicable law, the Court finds that in light of MHP's Notice of Appeal, it does not have jurisdiction to rule on the Motion for Instructions. Therefore, the Court finds that MHP's Motion for Instructions (ECF No. 133) should be and is hereby **DENIED** for lack of jurisdiction. Additionally, the Court finds that in light of the settlement agreement and subsequent orders by the Court, Dymatize's Second Motion for Summary Judgment (ECF NO. 61), and the corresponding Finding, Conclusions, and Recommendation (ECF No. 90) should be and are hereby **DENIED as moot**.

**SO ORDERED** this 14th day of **March, 2011**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**